Dj
General Delivery "Dj"
Flagstaff, AZ 86004
(928)361-3454
flagstaffer66@gmail.com
*Plaintiff, Pro Se*

X FILED    ___ LODGED
___ RECEIVED    ___ COPY

OCT 1 5 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Dj**, and individual | Case No. **CV25-08216-PCT-DJH** |
| Plaintiff, | |
| Vs. | **COMPLAINT** |
| **Walmart Associates Inc. dba Walmart,** A multinational corporation | |
| Defendant. | |

Plaintiff Dj ("Plaintiff" or "Dj"), appearing pro se, hereby submits this Complaint and alleges as follows:

### NATURE OF ACTION

1. Wrongful Termination under Arizona Revised Statutes § 23-1501(A)(3)(b) – Violation of the Public Policy Exception against Walmart for terminating Plaintiff in disregard of established public policy protections and without adherence to its own progressive disciplinary procedures.

2. Defamation – Common Law Tort – Restatement (2d) of Torts §§ 558–559 – Libel and Slander against Walmart for publishing false and defamatory statements portraying Plaintiff as dangerous, unstable, and criminal, thereby damaging his reputation and contributing to his wrongful termination.

3. Religious Discrimination – Title VII of the Civil Rights Act of 1964 – 42 U.S.C.

1

§ 2000e-2(a) against Walmart for fabricating and attributing false religious beliefs and behaviors to Plaintiff, and using those fabrications as a basis for discriminatory termination and unequal treatment in violation of federal law.

4. Intentional Infliction of Emotional Distress Tort Law - Restatement (2d.) § 46 Outrageous Conduct Causing Severe Emotional Distress against Walmart for their unlawful employment practices of discrimination and Intentional Infliction of Emotional distress.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1331.

6. The unlawful employment actions alleged herein were committed in whole or in part within the jurisdiction of the United States District Court for the District of Arizona.

7. Venue is proper in this District under 28 U.S.C. § § 1391 (b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

8. At all relevant times Plaintiff was employed by Defendant(s) in this District.

9. Plaintiff has satisfied all conditions precedent to filing suit.[1] (See Exhibit A).

10. The Court has supplemental jurisdiction over Plaintiff's state law claims for wrongful termination, defamation, and intentional infliction of emotional distress pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper in the Phoenix Division of the District of Arizona under 28 U.S.C. § 1391(b). Defendant conducts business in this division and maintains a registered agent in Maricopa County, where this action is filed.

## PARTIES

---

[1] See Exhibit A – Plaintiff's RTS Notice

12. Plaintiff is a United States Citizen residing in Coconino County, Arizona.

13. Defendant(s), Walmart Associates Inc. dba Walmart ("Walmart" or "Defendant"), Corporation operating in Kingman within Mohave County.

14. At all relevant times, Plaintiff was an "employee" of Defendant as defined in the ACRA, Title VII, and ARS provisions.

15. At all relevant times, Defendant was the "employer" of Plaintiff as defined in the ACRA, Title VII, and ARS provisions.

16. At all relevant times, Defendant has been a Corporation organized under the corporate laws of Arizona and doing business in Arizona.

## STATEMENT OF FACTS

17. Plaintiff was employed by Walmart in Flagstaff Arizona for approximately 3.5 months.

18. Plaintiff's employment was accepted and transferred to the Walmart store located in Kingman Arizona by human resources associate Stephanie Bates on October 2nd 2024.

19. During the entirety of employment with Defendant, Plaintiff did not receive a written performance plan, written warning, or any other form of documented discipline.

20. Plaintiff performed several scheduled shifts at the Walmart in Kingman Arizona, including a shift on October 16, 2024.

21. The very next day, while Plaintiff was purchasing an item, an individual contacted the police and alleged that Plaintiff had trespassed into a restricted area reserved for associates, and requested that he be trespassed from the property.

22. Outside the store, in public, and on Walmart property, the police officer detained Plaintiff based on these accusations.

23. During detainment, the store manager, Casey Day, accused the Plaintiff of trespassing in an area reserved for associates only to commit theft of an associate vest and identification

badge in order to impersonate an associate. The store manager denied Plaintiff's active employment status. The store manager had Plaintiff trespassed from the property.

24. Defendant, Walmart, maintains a progressive disciplinary policy outlining escalating steps prior to termination, including verbal coaching, written warnings, and final warnings.

25. Plaintiff was denied the benefit of progressive discipline and was terminated immediately without interview or opportunity to respond immediately before and after detainment.

26. Defendant, by and through its store manager, authored and circulated an internal memorandum falsely portraying Plaintiff as armed, irrational, and making bizarre religious statements. The memo alleged, among other things, that Plaintiff lacked identification, claimed to be from "bible times," impersonated a manager, made threats of violence toward store management, and possessed weapons.

27. The memo, published to store personnel, further states that Plaintiff "said some off the wall stuff that made no sense," a phrase reasonably understood to suggest that Plaintiff was mentally unstable, delusional, or suffering from psychological impairment.

28. Defendant, by and through its store manager, published statements attributing religious identity and religious conduct to Plaintiff. Plaintiff holds no religious affiliation.

29. Following Plaintiff's termination, Plaintiff lost his sole source of income and was unable to afford basic living expenses leaving Plaintiff homeless and unable to secure employment.

30. Plaintiff reported their concern regarding the store manager's conduct and decision to terminate Plaintiff's employment with Walmart's ethics hotline on October 27 2024.

31. In its written notice of termination dated October 17, 2024, Walmart stated that Plaintiff was discharged for "gross misconduct." As a result of this charge, Plaintiff's application for unemployment insurance benefits was denied. On appeal, an administrative law judge reversed the denial, finding that the termination did not meet the definition of misconduct.

Despite the ruling, Plaintiff has not received the unemployment insurance payments.

32. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission (EEOC) citing wrongful termination and religious discrimination involving Casey Day, the store manager, in violation of Title VII of the Civil Rights Act of 1964.

33. The EEOC filed the charge and issued a Notice of Right to Sue on September 16 2025. Plaintiff received the Notice and is filing this action within ninety (90) days of receipt.

**COUNT I**
**Wrongful Termination § 23-1501(A)(3)(b)**

34. Plaintiff incorporates by reference all preceding allegations of this Complaint as though fully set forth herein.

35. Plaintiff was terminated from his employment without warning or investigation. Plaintiff is informed and believes that unlike other Walmart employees accused of misconduct, Plaintiff was denied the protections of Defendant's progressive disciplinary policy and was discharged despite having no prior infractions.

36. Although Arizona generally recognizes at-will employment, an employer may not terminate an employee for reasons that violate public policy. Termination based on perceived religious identity violates the public policy embodied in Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination on the basis of religion.

37. Defendant's internal memorandum attributed fabricated religious language and behavior to Plaintiff, including false references to "bible times," scripture, and irrational conduct. Defendant relied on these fabricated religious associations, combined with deviation from its own disciplinary procedures, to justify Plaintiff's termination. These circumstances support an inference that Plaintiff's discharge was motivated by discriminatory bias based on perceived religious beliefs.

38. As a result of Defendant's wrongful termination, Plaintiff suffered financial loss, loss of

housing stability, reputational harm, and emotional distress.

## COUNT II
### Defamation Restatement (2d) §§ 558–559

39. Plaintiff incorporates by reference all preceding allegations of this Complaint as though fully set forth herein.

40. Defendant's false representations in the internal memorandum to personnel, asserting that Plaintiff was armed, posed a threat, and engaged in unlawful conduct, with the apparent objective of portraying Plaintiff as mentally unstable, irrational, or suffering from psychological impairment were fabricated and bore no relation to Plaintiff's actual conduct.

41. Defendant failed to exercise reasonable care in ascertaining the truth of these statements before publishing them. At minimum, Defendant acted negligently, and in several respects with reckless disregard for their truth or falsity, by repeating unverified accusations and inventing details without investigation.

42. The nature and content of the statements were such that they would reasonably be understood to harm Plaintiff's reputation and portray him as dangerous, unstable, and unfit for employment.

43. As a direct result of Defendant's defamatory statements, Plaintiff suffered reputational harm, economic loss, emotional distress, and loss of housing stability.

## COUNT III
### Religious Discrimination 42 U.S.C. § 2000e-2(a)

44. Plaintiff incorporates by reference all preceding allegations of this Complaint as though fully set forth herein.

45. Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees on the basis of religion, including actual or perceived religious beliefs,

6

practices, or identity. An employer violates Title VII when it terminates an employee based on religious stereotypes, fabricated religious associations, or assumptions about the employee's beliefs or mental state tied to religion.

46. Plaintiff was qualified for his position and had no disciplinary history or performance issues that would justify termination under Defendant's stated policies.

47. Defendant's stated reasons for Plaintiff's termination — including alleged trespassing, theft, impersonation, and threats — were false and pretextual. Defendant's failure to apply its progressive disciplinary procedures to Plaintiff, while affording those protections to similarly situated employees, supports an inference of discriminatory motive.

48. Defendant's internal memorandum attributed religious language and behavior to Plaintiff, including references to "bible times," scripture, and statements suggesting religious delusion or irrationality. The statements were manufactured to conceal discriminatory motives based on Plaintiff's perceived religious identity and used to justify termination.

49. Defendant's reliance on these fabricated religious associations to support termination constitutes discrimination based on perceived religion, in violation of Title VII.

50. As a direct result of Defendant's discriminatory conduct leading to termination, Plaintiff suffered economic loss, reputational harm, and emotional distress.

## COUNT IV
### Intentional Infliction of Emotional Distress Restatement (2d) § 46

51. Plaintiff incorporates by reference all preceding allegations of this Complaint as though fully set forth herein.

52. Defendant, through its store manager and personnel, engaged in extreme and outrageous conduct by fabricating bizarre and defamatory statements about Plaintiff, including false claims that Plaintiff was armed, dangerous, irrational, and impersonating a manager.

53. These allegations were made while Plaintiff was being detained by law enforcement, and

7

were intended to escalate the situation and portray Plaintiff as a threat to public safety.

54. Defendant's conduct was carried out with reckless disregard for Plaintiff's emotional well-being, and in a context where Plaintiff was vulnerable, humiliated, and denied the opportunity to respond.

55. Defendant's conduct directly resulted in Plaintiff's termination, loss of income, reputational damage, and public ridicule while enduring homelessness. The fabricated statements were circulated internally within Walmart and to law enforcement, ensuring that the harm to Plaintiff would be immediate and severe.

56. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe distress, including anxiety, loss of housing stability, and emotional trauma that no reasonable person should be expected to endure.

## DAMAGES

57. As a direct and proximate result of Defendants' violations of Plaintiff's protected rights in each of the above-mentioned claims for relief, Plaintiff suffered including for pain, inconvenience, diminished enjoyment of life, humiliation, outrage, discomfort, anxiety, fear, depression, loss of sleep, care, affection, companionship, change in demeanor, and harmed employed professional reputation. Plaintiff also incurred medical expenses.

58. As set out above, Defendants' actions demonstrated a willful intent to retaliate against Plaintiff and showed disregard for the protected rights under the Title VII, and tort law concerning Defendant Walmart's reckless or indifference to Plaintiff's protected rights. Thus, Plaintiff is entitled to punitive damages.

59. Plaintiff is entitled legal fees and costs of this action and previous charge pursuant to 42 U.S.C. § 2000e-5(k);

8

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant(s) and asks this court to:

    A.  Award Plaintiff compensatory damages for his emotional distress, physical illness, medical expenses, loss of pay and any other appropriate relief to make Plaintiff whole and compensate him for Defendants' adverse employment actions;

    B.  Award Plaintiff punitive damages where appropriate;

    C.  Award Plaintiff legal fees and costs of this action including attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k); and

    D.  Award Plaintiff other legal and equitable relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

60. Plaintiff hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED** this _10_ day of October 2025.

By: _____
Dj
General Delivery "Dj"
Flagstaff, AZ 86004
*Plaintiff, Pro Se*

# Exhibit A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0002
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/16/2025

**To:** Dj Dj
General Delivery "DJ" GENERAL DELIVERY
FLAGSTAFF, AZ 86004
Charge No: 540-2025-02603

EEOC Representative and email:   SHARON LIEBMAN
INVESTIGATOR
SHARON.LIEBMAN@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 540-2025-02603.

On behalf of the Commission,

Melinda Caraballo
District Director

**Cc:**
Scott A Forman Esq.
Littler Mendelson, P.C.
2301 McGee St., Suite 700
Kansas City, MO 64108

NA NA
Walmart
3396 Stockton Hill Rd
KINGMAN, AZ 86409

Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you** *receive* **EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 540-2025-02603 to the District Director at Melinda Caraballo, 3300 North Central Avenue Suite 690, Phoenix, AZ 85012.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 540-2025-02603 to the District Director at Melinda Caraballo, 3300 North Central Avenue Suite 690, Phoenix, AZ 85012.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.